**In re CGR INVESTORS LIMITED PARTNERSHIP, California LTD. Partnership, Debtor.**

**No. 10–11785 (JKF).**

United States Bankruptcy Court, E.D. Pennsylvania.

June 30, 2010.

---

**680**

Albert A. Ciardi, III, Ciardi Ciardi and Astin, P.C., Philadelphia, PA, Thomas Daniel Bielli, Thomas Daniel Bielli, Atty at Law, Philadelphia, PA, Jennifer E. Cranston, Jennifer E. Cranston, Atty At Law, Philadelphia, PA, for Debtors.

U.S. Trustee, Philadelphia, PA.

### *ORDER*

JEAN K. FITZSIMON, Bankruptcy Judge.

This 30th day of June, 2010, upon consideration of the Debtor's Memorandum of Law Supporting the Admissibility of Exhibit D–1, Wachovia Bank, N.A.'s 2008 Appraisal (the "Memorandum") and Wells Fargo Bank, N.A.'s ("Wells Fargo" or the "Lender")[1] Memorandum of Law Opposing the Admission of Debtor's Exhibit D–1 (the "Opposition");

**AND** the Debtor having filed for Chapter 11 bankruptcy protection on March 9, 2010 (docket entry no. 1);

**AND** Wells Fargo having filed a Motion for Relief from the Automatic Stay on March 25, 2010 (docket entry no. 26, the "Motion to Lift Stay"), seeking to exercise its rights with regard to a $4,250,000 note which granted Wells Fargo a first priority lien on 640 acres of undeveloped real property located in San Bernardino County, California (the "Property");

**AND** the Debtor having objected to the Motion to Lift Stay (docket no. 33);

**AND** a hearing on the Motion to Lift Stay having been held on April 14, 2010 (docket entry no. 38, the "Hearing");

**AND** during the Hearing, the Debtor having sought to introduce into evidence a 2008 appraisal report commissioned by Wachovia Bank (Wells Fargo's predecessor) and prepared by Joseph J. Blake and Associates, Inc., which valued the Property at $5,700,000 (the "Appraisal" or "Exhibit D–1");

**AND** Steven Katz, a Partner of the Debtor, having testified that the Appraisal was provided to him by a former employee of Wachovia Bank (Hearing audio at 3:10);[2]

**AND** Steven Katz further testifying that his understanding was that the Appraisal was obtained by the Lender due to the changing market and economic conditions in 2008 (Hearing audio at 3:11);

**AND** Steven Katz stating that he did not discuss the Appraisal with any employee at Wachovia Bank and does not recall who prepared an appraisal on the Property when it was originally purchased (Hearing audio at 3:12);

---

1. Wells Fargo is successor to Wachovia Bank. Docket entry no. 41 at 1, n.1.

2. Martin Katz, another Partner of the Debtor, testified that he was aware of the Appraisal, but did not provide any further information about it. (Hearing Audio at 3:36.)

AND the Lender having objected to the admission of the Appraisal on the grounds that the Debtor laid no foundation for the admission of this evidence and failed to authenticate the document (Hearing audio at 3:09–10; 3:53);

AND the Debtor having counter-argued at the Hearing that Exhibit D–1 is admissible pursuant to the hearsay exceptions of admission against interest and as a business record of Wells Fargo [3] (Hearing audio at 3:54–57);

AND following the presentation of testimony and evidence at the Hearing, the Court having denied the Motion to Lift Stay for reasons stated on the record in open court (Hearing audio at 4:51–57; docket entry no. 50);

AND although the Motion to Lift Stay having been denied at the Hearing, the Court having asked the parties to submit briefs with regard to the admissibility of Exhibit D–1 because its significance may become an issue at future hearings and with regard to future motions in this bankruptcy case;

AND the Debtor and Lender each having submitted briefs with regard to the question of the admissibility of Exhibit D–1 (docket entries nos. 39 and 41);

■ AND the party offering evidence has the burden of establishing its admissibility. *See In re Paoli R.R. Yard PCB Litigation,* 1992 WL 323564, at *4 (E.D.Pa. Oct. 21, 1992);

■ AND a court having "wide discretion to admit or exclude evidence under the provisions of the Federal Rules of Evidence." *Gumbs v. Int'l Harvester, Inc.,* 718 F.2d 88, 97 (3d Cir.1983);

---

**3.** These Rules of Federal Evidence are addressed below.

**4.** Hearsay is defined as a "statement, other than one made by the declarant while testify-

*Is Exhibit D–1 Admissible as a Business Record Under F.R.E. 803(6)?*

AND the Debtor asserting that the Appraisal may be admitted as a business record exception to the hearsay rule (Memorandum, pgs. 6–7); [4]

AND Federal Rule of Evidence 803(6) providing (in relevant portion) that the following are not excluded by the hearsay rule, even though the declarant is available as a witness

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness...."

F.R.E. 803(6);

■ AND, according to the Third Circuit, it being the case that in order to admit a document under the business records exception to the hearsay rule, the proponent must provide "foundation testimony" by "the custodian or other qualified witness" that

> (1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business.

---

ing at the trial or hearing, offered in evidence to prove the truth of the matter asserted." F.R.E. 801(c).

*United States v. Pelullo,* 964 F.2d 193, 200 (3d Cir.1992) (internal quotations and citations omitted);

■ AND the Debtor having provided only the testimony of two of its partners, Steven and Marvin Katz, that these individuals were either aware of or had received the Appraisal; [5]

AND neither Steven nor Marvin Katz having professed personal knowledge of who exactly performed the Appraisal or whether such a filing was standard practice for the Lender;

■ AND the Debtor having failed to provide any foundational testimony of the kind described and called for in *Pelullo,* namely a showing that the declarant of Exhibit B–1 had knowledge of the Property, that the Appraisal was conducted in a timely and proper manner, that the Appraisal was made in the regular course of Wells Fargo's business activity, and that such documents were part of the Lender's regular business practice;

AND the Debtor having failed to provide any evidence or cite to any authority to support its contention, made at the Hearing, that a regulation requires the Lender to acquire appraisals on the Property (Hearing audio at 3:55–3:57); [6]

### *Is Exhibit D–1 Admissible as an Admission Against Interest Pursuant to F.R.E. 801(d)(2)?*

■ AND the Debtor further asserting that the Appraisal may be admitted into evidence as an admission by a party-opponent pursuant to Federal Rule of Evidence 801(d)(2) (Memorandum, pgs. 7–9);

AND Federal Rule of Evidence 801(d)(2) providing (in relevant portion) that the following are exceptions to the hearsay rule:

A statement is not hearsay if.... Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy;

F.R.E. 801(d)(2);

AND the Debtor simply asserting in its Memorandum that the "Appraisal [was] commissioned by a secured creditor during a historic market crash, presumably to reevaluate its collateral, identified and verified by two witnesses for the Debtor ... [and] should be admitted as [an] admission by a party opponent under Rule 801(d)(2) as proof of what Wachovia believed the

---

5. While the Third Circuit construes the term "other qualified witness" in F.R.E. 803(6) broadly, the testimony must be from "someone familiar with the record keeping system who has the ability to attest to the records' foundation." *United Nat. Ins. Co. v. Aon Ltd.,* 2008 WL 4589741, at *3 (E.D.Pa. Oct.15, 2008) (*citing U.S. v. Console,* 13 F.3d 641, 657 (3d Cir.1993)). Neither Marvin nor Steven Katz testified to having any knowledge of the Lender's record keeping system.

6. The Court has reviewed 12 C.F.R. § 34.42, cited in the Memorandum. However, nothing in this provision requires a bank to acquire an appraisal on property in the course of its regular business activity, as the Debtor argued at the Hearing (Hearing audio at 3:36–37).

value of the subject Property to be...." (Memorandum at 9);

■■■ **AND** the Debtor having failed to demonstrate that any of the above five elements outlined in F.R.E. 801(d)(2) have been satisfied here. For example, the Appraisal is not Wells Fargo's own statement; there is no evidence either that the Lender has manifested an adoption or belief in its truth,[7] that Exhibit B–1 is a statement by a person authorized by the Lender,[8] or that the Appraisal was produced by Wells Fargo's agent or servant;[9]

**AND** the two cases cited by the Debtor in support of its argument that Exhibit D–1 is admissible as an admission against interest being inapposite;[10]

### Conclusion

**AND** hearsay not being admissible unless specifically provided by the Federal Rules or statute. *See* F.R.E. 802;

**AND** in considering the above case and statutory law, the facts, the parties' pleadings, and the arguments and testimony made at the Hearing, it is hereby ORDERED and DECREED that

(1) The Debtor has failed to satisfy its burden of proof in establishing the admissibility of Exhibit D–1 (the Appraisal);

(2) The Court therefore **denies** the Debtor's request to admit Exhibit D–1 into evidence in any matters or motions in the Debtor's bankruptcy case at this time.

7. "If a third party uses a report that has been prepared at its request in such a way as to manifest a belief in the truth of assertions contained therein, it may be found to have adopted the assertions if they are offered by a party-opponent." *Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2006 WL 3041102, at *4–5 (D.N.J. Oct. 26, 2006) (noting that the proponent of admission has the burden by a preponderance of the evidence "that the other party's conduct manifested an intent to adopt the statement"). *See also Austin v. Pennsylvania Dept. of Corrections*, 1993 WL 9042, at *3 (E.D.Pa. Jan. 7, 1993) (noting that whether an adoptive admission has been made "must be made on a case by case basis"). Here, the Debtor has made no argument nor any showing that the Lender has adopted a belief in the truth of the Appraisal.

8. Authorization for purposes of Rule 801(d)(2) may "be established by the acts or conduct of the principal or his statements to the agent or third party." *U.S. v. Reilly*, 33 F.3d 1396, 1413 (3d Cir.1994). The Debtor put on no witness nor offered any evidence with regard to the authorization of Exhibit B–1.

9. "The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act." *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir.1995). No allegation or demonstration that Joseph J. Blake and Associates (the company who prepared the Appraisal) is an agent of Wells Fargo has been made. *See Condus v. Howard Savings Bank*, 986 F.Supp. 914, 917 (D.N.J. 1997) (internal quotations omitted) (holding that a firm hired to "provide an independent assessment" was an independent contractor rather than an agent and therefore that the contractor's report was not admissible as an admission by a party opponent).

10. In *In re Elmira Litho, Inc.*, 174 B.R. 892, 899 (Bankr.S.D.N.Y.1994), the appraisal in question that was admitted by the Court as an admission against interest was, unlike in this case, previously submitted by the lender in connection with its motion. Similarly, *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 633–4 (2d Cir.1994) is distinguishable from the facts at hand. In that case, the Court held that "[a]ssertions by a party in documents *it has prepared* and offers into evidence are admissible...." (emphasis added). Here, Exhibit B–1 was not prepared by the Debtor.